KRIEG TANNING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3318.    Decided September 27, 1926.

1. A bookkeeper without authority from directors credited net earnings of a corporation to personal accounts of shareholders. Such earnings remained in the business and were not drawn against by the stockholders. At July 29 of the taxable year credit balances in stockholders' accounts were carried to a newly opened

corporation surplus account. *Held*, such net earnings were earned surplus and invested capital for the entire taxable year.

2. On the evidence, *held*, that the petitioner is not entitled to relief under section 210 of the Revenue Act of 1917.

*Neil E. Larkin, Esq.*, for the petitioner.
*George E. Adams, Esq.*, for the respondent.

The Commissioner asserts a deficiency in income and profits taxes for the year 1917 in the amount of $2,961.43. The petitioner contends (1) that its invested capital was incorrectly computed for such year, and (2) that its tax liability should have been computed under the provisions of section 210 of the Revenue Act of 1917.

### FINDINGS OF FACT.

The petitioner is a California corporation with its principal office at San Francisco. During the taxable year its issued capital stock, in the amount of $200,000, was owned in equal parts by William McKay and John R. Russell, who were the executives of the corporation and received yearly salaries in the respective amounts of $7,000 and $4,000.

Prior to July 27, 1917, the books of the petitioner were kept as if the corporation was a partnership. Prior to July 1, 1917, personal accounts of the two shareholders were credited with amounts from time to time that represented the net earnings of the business, and that, in the course of usual corporation accounting, would have been credited to a surplus account. On July 27, 1917, the personal accounts of the stockholders were closed into a corporation surplus account opened as of that date, and credited with the amount of $163,329.65, which had theretofore stood credited to the two stockholders in equal amounts.

In the computation of its invested capital in its income and profits tax return for the year 1917, the petitioner included the amount of $163,329.65 for the entire year. Upon audit of such return, the Commissioner prorated such amount for that portion of such year remaining after the surplus account was opened, which resulted in an addition to invested capital for the year in the amount of $68,-932.14. The Commissioner now admits a slight error in his computation, and asserts that the correct amount of such addition should have been $69,810.25, and that the taxpayer's total invested capital for the year was $269,810.25.

### OPINION.

LANSDON: The main issue to be determined here is whether the petitioner is entitled to have an earned surplus of $163,325.65 in-

cluded in its invested capital for the entire taxable year. The evidence is conclusive that this amount represents the accumulated net earnings of the taxpayer at January 1, 1917; that it was not distributed to the accounts of the stockholders as a result of corporate action; that it was used in and at risk in the business for the entire year; and that the bookkeeping entries that credited such amount to the personal accounts of the stockholders were made by an accountant without consideration of any resulting effect on the tax liability.

It is well established that tax liability may not be determined by mere bookkeeping entries. Erroneous accounting does not increase or decrease income or invested capital. *Douglas* v. *Edwards*, 298 Fed. 229, 234; *Appeal of Chatham & Phenix National Bank*, 1 B. T. A. 460; *Appeal of Huning Mercantile Co.*, 1 B. T. A. 130. It is evident from the record that the Commissioner bases both his inclusion of the prorated amount of $69,810.25 in the taxpayer's invested capital and his exclusion of the remainder of the surplus on the simple fact that certain bookkeeping entries were made on July 27, 1917. Such entries, conceded as correct, were merely a revised record of a fact then in existence, and, in this proceeding, clearly proved to have been in existence at January 1, 1917. The amount disallowed, in truth and in fact, was as much a part of the taxpayer's invested capital prior to July 27, 1917, as it was after that date. We are of the opinion, therefore, that the petitioner properly included the amount of $163,329.65 as earned surplus in its invested capital for the taxable year.

The petitioner adduced no persuasive evidence in support of its request for the computation of its tax liability for the year 1917, under the provisions of section 210 of the Revenue Act of 1917. *Appeal of United Shoe Stores Co.*, 2 B. T. A. 73. We find against the petitioner on this point.

> *Order of redetermination will be entered on 20 days' notice, under Rule 50.*